# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| **ROBERT KEELER and PATSY KEELER,** | ) )  ) Civil Action No. ) |
| Plaintiffs, | ) |
| v. | ) **JURY TRIAL DEMANDED** |
| | ) |
| **NCO FINANCIAL SYSTEMS, INC.,** | ) ) |
| Defendant. | ) ) |

## COMPLAINT

ROBERT KEELER and PATSY KEELER ("Plaintiffs"), by and through their attorneys, KIMMEL & SILVERMAN, P.C., allege the following against NCO FINANCIAL SYSTEMS, INC. ("Defendant"):

## INTRODUCTION

1. Plaintiffs' Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the State of Tennessee, and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

1

## PARTIES

5. Plaintiffs are natural persons residing in Knoxville, Tennessee 37918.

6. Plaintiffs are persons granted a cause of action under the FDCPA. See 15 U.S.C. §1692k(a) and Wenrich v. Cole, 2000 U.S. Dist LEXIS 18687 (E.D. Pa. Dec. 22, 2000).

7. In the alternative, Plaintiffs are each a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. Defendant is a national debt collection company with its corporate headquarters located at 507 Prudential Road, Horsham, Pennsylvania 19044.

9. Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6), and repeatedly contacted Plaintiffs in an attempt to collect a debt of another person.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. At all pertinent times hereto, Defendant was hired to collect a consumer debt of another person and repeatedly contacted Plaintiffs in its attempts to collect the debt of another person.

12. Upon information and belief, the debt arose out of transactions that were primarily for personal, family, or household purposes.

13. Plaintiffs do not owe the debt that Defendant was attempting to collect.

14. Plaintiffs did not consent to the placement of collection calls to their home telephone by Defendant.

15. Beginning in or around April 2012, and continuing through June 2012, Defendant continuously and repeatedly contacted Plaintiffs' home telephone in its attempts to collect a debt

of another person.

16. During the relevant period, Defendant contacted Plaintiffs at least once a day, every other day, causing Plaintiffs to receive between four (4) to five (5) collection calls a week.

17. In those instances where Plaintiffs answered the phone, it received pre-recorded, automated messages advising that "NCO Financial" was "attempting to collect a debt" and to call back "Carolyn Wright." Defendant's messages never gave Plaintiffs the option to speak with a live person and after listening to the messages, Plaintiffs were not connected to a live person.

18. When Plaintiffs did not answer Defendant's collection calls, it left numerous, pre-recorded voicemail messages on Plaintiffs' home answering machine.

19. For example, Plaintiffs received the following voicemail message from Defendant: "This is an important message from NCO Financial. We are attempting to collect a debt and any information may be used for that purpose. Please call back Carolyn Wright at: (877) 542-1405 and refer to ID Code 4i9zaj. This is NCO Financial and we are attempting to collect a debt."

20. Desiring to stop the collection calls, Plaintiff Robert Keeler (hereinafter "Mr. Keeler") called "(877) 542-1405," to speak with "Carolyn Wright."

21. However, Mr. Keeler was greeted with an automated message and was unable to speak with "Carolyn Wright."

22. Mr. Keeler was eventually directed to another collector.

23. During his conversation with the debt collector, Mr. Keeler instructed Defendant to cease calling him.

24. In response, Defendant's collector advised Mr. Keeler that, "[NCO] did not have

3

his number in its system," and then stated that she would transfer him to another department, leaving Plaintiff with the impression it had been contacting him about the debt of another person.

25. However, Defendant never transferred him to a different department; rather, Defendant disconnected the telephone call.

26. Furthermore, Defendant did not update its records to avoid the further harassment of Plaintiffs.

27. Instead of ceasing its calls to Plaintiffs, Defendant continued to contact Plaintiff continuously and repeatedly in its attempts to collect a debt.

28. The repetitive calls to Plaintiff were disturbing, harassing, and an invasion of their privacy, as it was inconvenient for Plaintiffs to receive repetitive debt collection calls on their home telephone for another person.

29. Finally, if Defendant was contacting Plaintiffs in an attempt to collect a debt allegedly owed by them, Defendant failed, within five (5) days of its initial contact with Plaintiffs, to send Plaintiffs written notification of their rights to dispute the debt and/or request verification of the alleged debt as well as providing them with information about the debt, including the amount of the debt and the name of the creditor.

30. As a result, Plaintiffs were unaware of the amount of the debt, the name of the creditor, and their rights to dispute the debt and/or request verification of the debt.

31. Upon information and belief, Defendant contacted Plaintiffs on a repetitive and continuous basis with the intent of harassing, annoying and abusing them.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

32. Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §§1692d and 1692d(5).

   a. A debt collector violates §1692d of the FDCPA by engaging in conduct of the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

   b. A debt collector violates §1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number.

   c. Here, Defendant violated §§1692d and 1692d(5) of the FDCPA by continuously calling Plaintiffs' home telephone, at least, once a day every other day, and as frequently as four (4) to five (5) times a week, with the intent to annoy, abuse, and harass Plaintiffs.

## COUNT II

33. Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §1692f.

   a. A debt collector violates §1692f of the FDCPA by using unfair or unconscionable means to collect or attempt to collect any debt.

   b. Here, Defendant violated §1692f of the FDCPA engaging in other unfair and unconscionable debt collection practices, including failing to update its

5

records to avoid further collection calls to Plaintiffs as well as claiming that they would transfer Plaintiffs to another department to have their telephone number removed from the database and instead hanging up on Plaintiffs.

**COUNT III**

34. Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §1692g(a) of the FDCPA.

    a. A debt collector violates §1692g(a) of the FDCPA by failing to send to the consumer, within five days after its initial communication with a consumer in connection with the collection of a debt, a written notice containing: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

    b. Here, Defendant violated §1692g of the FDCPA by failing to send written notification, within five (5) days after its initial communication with Plaintiffs, advising Plaintiffs of their rights to dispute the debt or request verification of

6

the debt.

WHEREFORE, Plaintiffs, ROBERT KEELER and PATSY KEELER, respectfully pray for a judgment as follows:

    a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. §1693k(a)(3); and

    d. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiffs, ROBERT KEELER and PATSY KEELER, demand a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATE: 10/19/2012        KIMMEL & SILVERMAN, P.C.

By:  */s/ Amy L. Bennecoff*
      Amy L. Bennecoff, Esq.
      BPR # 28563
      Kimmel & Silverman, P.C.
      30 E. Butler Avenue
      Ambler, PA 19002
      Phone No.: 215-540-8888
      Fax No.: 877-788-2864
      Email: abennecoff@creditlaw.com
      Attorney for Plaintiffs